UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL MARGOLIES,

                       Plaintiff,                            **MEMORANDUM DECISION**

       -against-                                   **AND ORDER**

COUNTY OF PUTNUM NEW YORK,             09 Civ. 2061 (RKE) (GAY)
DONALD B. SMITH, VINCENT M. MARTIN,
NICHOLAS DEPERNO, JR., JOHN
ALFANO AND JOHN DOES #2-10,

                       Defendants.
----------------------------------------------------------X

      Plaintiff commenced the instant action on March 6, 2009, seeking damages for various civil rights violations centered around his alleged false arrest on November 21, 2007.  By Memorandum Decision and Order dated November 15, 2010, this Court granted plaintiff's counsel's motion to withdraw and his application for a charging lien.  The Court also ordered attorney Browde to submit papers relevant to the calculation of the lien amount by December 6, 2010, and allowed plaintiff Margolies until December 20, 2010 to serve a response.  By letter dated December 3, 2010, attorney Browde requests *quantum meruit* compensation for 158.2 hours at the rate of $400.00 per hour, totaling $62,120.00, plus $2,701.97 in costs.  By letter dated December 17, 2010, plaintiff Margolies argues that Mr. Browde's requested hourly rate is not in line with community standards and is far too high given his limited legal experience.  Mr. Margolies also contends that the number of hours Mr. Browde expended was unreasonable and excessive.  For the reasons that follow, the Court concludes that the amount of attorney Browde's charging lien is $26,431.97.

## I.  CALCULATION OF AMOUNT OF CHARGING LIEN

Absent an express attorney-client agreement to the contrary, the amount of a charging lien may be computed "on a *quantum meruit* basis, ascertaining the reasonable value of the legal services rendered up to the date of" counsel's withdrawal or discharge.  See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 148 (2d Cir.1998).  The determination of the reasonable value of the services at issue is a matter within the sound discretion of the trial court.  See id. at 149.  "Among the factors to be considered in such an analysis are the difficulty of the matter, the nature and extent of the services rendered, the time reasonably expended on those services, the quality of performance by counsel, the qualifications of counsel, the amount at issue, and the results obtained (to the extent known)."  Id. at 148.  In applying these factors, the Court may utilize the "presumptively reasonable fee" analysis as the methodology for determining the specific dollar value of the services rendered by the former attorney.  See id. at 148-49; Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008) (abandoning the "lodestar" approach in favor of the "presumptively reasonable fee" analysis).  Ultimately, because a charging lien is equitable in nature, "the overriding criterion for determining the amount of a charging lien is that it be 'fair[.]'"  See Sutton v. New York City Transit Auth., 462 F.3d 157, 161 (2d Cir. 2006) (internal citations omitted).

## II.  CALCULATION OF PRESUMPTIVELY REASONABLE FEE

The Second Circuit has recently clarified the method district courts should use for calculating attorneys' fees awards.  District courts should first designate a reasonable hourly rate which, in turn, is used as the basis for determining the "presumptively

2

reasonable fee." See Arbor Hill, 522 F.3d at 190.  In setting the reasonable hourly rate, "a court must determine what a reasonable paying client would be willing to pay for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked."  See Torres v. City of New York, No. 07 Civ. 3473, 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008).  The "presumptively reasonable fee" is then calculated via the traditional "lodestar method": the reasonable hourly rate is multiplied by the reasonable number of hours expended.  See Arbor Hill, 522 F.3d at 190.  In order to calculate the reasonable hours expended, the fee application must be supported by contemporaneous time records, affidavits and other materials.  See Chambliss v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058 (2d Cir. 1989).  The Second Circuit has also cautioned that "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees."  See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983) (internal citations and quotations omitted).

### III.  REASONABLE HOURLY RATE

Determination of the reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel [, which] may . . . include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district."  See Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005) (citations omitted).  The Second Circuit has stated that, in determining what rate a paying client would be willing to pay, the district court should consider the following factors enumerated in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F,2d 714 (5th

Cir. 1974:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Arbor Hill, 522 F.3d at 186 n. 3 (citing Johnson, 488 F.2d at 717-19).  In addition to the *Johnson* factors, the district court should also consider:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

See id. at 184.  At bottom, the party seeking a fee award "has the burden of showing by satisfactory evidence–in addition to the attorney's own affidavits–that the requested hourly rates are the prevailing market rates."  Farbotko, 433 F.3d at 209 (citations and internal quotation marks omitted).

      Here, attorney Browde seeks compensation at $400.00 per hour.  In his letter brief in support of his request for *quantum meruit* compensation, Mr. Browde states that he graduated from Fordham Law School in 2000 and was admitted to the New York State bar in 2001.  Mr. Browde also states that he is admitted to the Southern and Eastern Districts of New York, the Second and Fifth Circuits and the United States

Supreme Court.  Although Mr. Browde's assertions are not provided in an affidavit, the Court has no reason to doubt their veracity.  However, Mr. Browde has not met his burden of establishing the reasonableness of the requested hourly rate.  Other than the information previously noted, Mr. Browde has failed to provide information as to his experience, reputation and ability.

Having considered all of the factors in *Johnson* and *Arbor Hill*, the Court notes that the instant case is not unusually complex, that it did not demand great resources and that (up to the time of Mr. Browde's withdrawal) there was no contested litigation or unusual timing demand on the case.  Moreover, in this district, hourly rates awarded to civil litigators in small firms have frequently ranged from $225 - $375 per hour.  See Leyes v. Corporate Collection Servs., Inc., No. 03 Civ. 8491, 2008 WL 731976, at *2 (S.D.N.Y. Mar. 19, 2008) ($225 reasonable hourly rate in consumer protection case); Torres v. City of New York, No. 07 Civ. 3473, 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008) ($350 per hour for attorney with ten years' experience); Garcia v. Yonkers Sch. Dist., 499 F. Supp.2d 421, 426 (S.D.N.Y. 2007) (awarding $350 per hour for experienced civil rights litigator); Reiter v. Metropolitan Transp. Auth., No. 01 Civ. 2762, 2007 WL 2775144, at *8 (S.D.N.Y. Sept. 25, 2007) ($275 per hour in employment retaliation case); Williamsburg Fair Hous. Comm. v. New York City Hous. Auth., No. 76 Civ. 2125, 2005 WL 736146, at *12-*13 (S.D.N.Y. Mar. 31, 2005) ($375 reasonable hourly rate for attorneys with thirty-eight and twenty-five years' experience).  In considering the appropriate hourly rate, the Court has also relied on its own knowledge of the rates charged by practitioners.  See McDonald *ex rel.* Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F,3d 91, 96-97 (2d Cir. 2006).  Based

on the totality of the factors considered, and given the lack of information provided by Mr. Browde, the Court concludes that Mr. Browde should be compensated at $250.00 per hour.

## IV.  HOURS EXPENDED

In support of his request for *quantum meruit* compensation, Mr. Browde has submitted copies of contemporaneous time records totaling an expenditure of 158.2 hours.  Nonetheless, "[i]f a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board reduction in compensable hours."  See Spalluto v. Trump Int'l Hotel & Tower, No. 04 Civ. 7497, 2008 WL 4525372, at *6 (S.D.N.Y. Oct. 3, 2008) (quotation and citation omitted).  I have reviewed the record in light of the relevant factors and conclude that some reduction in the number of compensable hours is appropriate.

Here, in the first instance, Mr. Browde's pervasive use of "block billing"–listing numerous tasks in one entry and assigning a total amount of time for that group of tasks–impedes the Court's ability to determine whether the time spent on each task was reasonable.  Additionally, approximately thirty percent (30%) of counsel's time entries contain truncated descriptions which are too vague to identify the nature of the work done, e.g. "e-mail to client," "e-mail from/to op. counsel" and "receive notification from court."  Where descriptions in counsel's time records are vague and insufficient, the Court has discretion to reduce the fee award accordingly.  See, e.g., Ritchie v. Gano, No. 07 Civ. 7269, 2010 WL 5297174, at *2 (S.D.N.Y. Dec. 20, 2010) (citation omitted).  Moreover, approximately nine hours were billed for work done on clerical or

administrative tasks. "Attorneys engaged in clerical tasks should be compensated at the rate for clerical employees, or, if the task at issue is the type included in overhead, they should not be compensated at all." Tatum v. City of New York, No. 06 Civ. 4290, 2010 WL 334975, at *9 (S.D.N.Y. Jan. 28, 2010). For the foregoing reasons, I conclude that a forty percent (40%) reduction in the number of billed hours is warranted.

## V. COSTS

I have reviewed the invoice submitted by Mr. Browde, and find the charges for out-of-pocket expenses (as billed to Mr. Margolies) to be reasonable. Accordingly, the amount of Mr. Browde's charging lien shall include the invoice amount of $2,701.97.

## VI. CONCLUSION

Accordingly, the amount of Mr. Browde's charging lien shall be fixed in the amount of $26,431.97, representing 94.92 hours (60% of 158.2 hours) billed at the rate of $250.00 per hour (totaling $23,730.00), plus costs in the amount of $2,701.97.

Mr. Margolies shall attempt to find new counsel by March 30, 2011. The parties shall appear in person for a conference to be held on March 30, 2011 at 10:00 a.m. in Courtroom 421. Mr. Margolies shall appear *pro se* at said conference if new counsel is not obtained.

Dated: February 23, 2011  
White Plains, New York

SO ORDERED:

_____  
GEORGE A. YANTHIS, U.S.M.J.

7